## `9841

## STATE v. MASON.

### (94 S. E. 870.)

CRIMINAL LAW—TRIAL—OBJECTION TO RECEPTION OF EVIDENCE.—Permitting prosecutor's wife, who was present when the aggravated breach of peace took place, to testify over defendant's objection on ground of irrelevancy that she had been in a hospital for over a year prior to the alleged offense, was not error, as the testimony, if it had any effect, merely tended to show reckless disregard of the rights of those whose nerves might be injuriously affected.

Before RICE, J., Spartanburg, Spring term, 1916. Affirmed.

Arthur Mason was convicted under an indictment containing two counts, one charging assault and battery with intent to kill and the other charging an aggravated breach of the peace, and appeals.

*Mr. R. B. Pasley,* for appellant, cites: Art. V, sec. 26, Cons. 1895; 47 S. C. 489; 49 S. C. 488.

*Solicitor I. W. Blackwood,* for State.

January 18, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The defendant was convicted under an indictment containing two counts, one charging assault and battery with intent to kill, and the other charging an aggragavated breach of the peace.

He appealed upon numerous exceptions, but his attorney states that they raise only three questions. The first question presented is whether there was error on the part of his Honor, the presiding Judge, in refusing to grant appellant's motion to direct a verdict of not guilty, as to the first count in the indictment, on the ground that there was no testimony that he committed the offense therein charged. The appellant was indicted along with one Cap Davis, but upon motion

of the Solicitor, his Honor, the Circuit Judge, granted a severance, and the appellant was tried separately. There was ample testimony tending to show a conspiracy between the said parties, and consequently that they were both guilty. The exceptions raising this question are overruled.

The second assignment of error is because his Honor allowed the wife of the prosecutor, who was present when the difficulty took place, to testify that she had been in a hospital over a year prior to the alleged offense. The only ground upon which the appellant's attorney made objection to the testimony was that it was irrelevant. The defendant was charged with aggravated breach of the peace, and the testimony, if it had any effect whatever, merely tended to show reckless disregard of the rights of those whose nerves might be injuriously affected.

All the other exceptions assign error in charging upon the facts, but when the facts are considered in their entirety, it will be seen that there was no prejudicial error.

Appeal dismissed.